Wakdlaw, Ch.,
delivered the opinion of the Court.
It is the opinion oí this Court, that this case must he determined on the authority of the case of Templeton vs. Walker, and we refer to that case for the reasoning and authority by which our general conclusion is attained. The words of gift are here somewhat different, and it has been argued that the testator, by directing that his estate shall ‘be equally divided among all his above named heirs,’ has manifested his intention, that the distribution of his estate shall be per capita among all who bring themselves within the scope of the term ‘ heirs and that this case is within the exception to the general rule. But it seems to us, that upon the whole will, and particularly by the manner and amount of the several primary gifts to his ‘son John’s children,’ to his ‘ son William’s children,’ to his ‘ daughter Margaret,’ his ‘ daughter Sophia ’ and to his other children, and by the phrase ‘ above named heirs,’ the testator signifies his purpose, that his ‘ son John’s children ’ shall be one of his heirs, his ‘ son William’s children ’ shall be one of his heirs, and each of his own children one of his heirs ; and that the words of equality are satisfied by equal distribution amongst those of the same degree, according to the statute. The testator’s ‘ grand-son, Oliver,’ is represented to be a son of John, and will it be urged that testator intended Oliver to take two full, equal shares ?
The appeal presents no question as to the right of the widow, *558 Eleanor, to a share of the residue of the estate, and this Court has not considered that matter.
It is ordered and decreed, that a writ of partition issue to divide the residue of the testator, William Collier’s estate, among his children and grand-children, per stirpes; and the circuit decree is modified accordingly.
O’Neall, Evans, Wardlaw, Frost, Withers and Whit-ner, JJ., and Dunkin, Ch., concurred.

Decree modified.